**Vladimir ULI, Donika Uli, Arenc Uli, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, District Director Edward McElroy & Attorney General Al-**

berto R. Gonzales,* Respondents.

Nos. 03–4020(L), 03–4035(CON), 03–41184(CON).

United States Court of Appeals, Second Circuit.

Feb. 13, 2006.

Heidi J. Meyers, New York, New York, for Petitioners.

Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Respondent.

PRESENT: ROSEMARY S. POOLER, BARRINGTON D. PARKER, Circuit Judges, and WILLIAM H. PAULEY III, District Judge.**

## SUMMARY ORDER

Vladimir, Donika, and Arenc Uli, through counsel, petition for review of the BIA decisions affirming the Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues on appeal.

We review the IJ's decision where, as in Vladimir's case, the BIA summarily affirmed the IJ's decision without opinion. See Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). Where, as in Arenc's case, the BIA does not expressly adopt the IJ's decision, but issues a short decision that agrees with all or most of the IJ's reason-

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

** The Honorable William H. Pauley III, Judge of the United States District Court for the Southern District of New York, sitting by designation.

ing, we review the IJ's decision, as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005).

We review an IJ's factual findings under the substantial evidence standard, under which the IJ's " 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.' " *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*) (quoting 8 U.S.C. § 1252(b)(4)(B)). However, "in order to merit substantial evidence deference, '[t]he [IJ] must give specific, cogent reasons for rejecting the petitioner's testimony,' and an adverse credibility determination may not be based upon speculation or upon an incorrect analysis of testimony." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005) (quoting *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004)). In addition, "we will limit our review ... to the reasons [the IJ] actually articulates" because "[t]o assume a hypothetical basis for the IJ's determination, even one based in the record, would usurp [the IJ's] role." *Id.* (citing *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir. 2003)). Where the IJ or BIA has committed legal errors, we will remand unless, based on the reasons articulated by the IJ, "there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion." *Id.* at 401.

■ In Vladimir Uli's case, the IJ failed to consider one of the major instances of past persecution that Vladimir claimed— his imprisonment in 1975. The IJ gave no reason for rejecting this incident as a basis of Vladimir's asylum claim, and we will not supply one for him. Furthermore, although the IJ found Vladimir's testimony not credible with regard his claim that he had been beaten in 1993, he gave no reason for rejecting the corroborating evidence of this beating. In addition, the IJ misstated the record with regard to Vladimir's participation in demonstrations in 1990 and 1991, when he said Vladimir had never been arrested. In fact, there was testimony that he had been arrested a few times. The IJ also misstated the record when he said that there was no indication Vladimir was mistreated because of his political beliefs. Vladimir testified that his opposition to the government and participation in demonstrations caused him to be mistreated; he was not required to demonstrate formal membership or leadership in a political party to make out a claim for political persecution. "[T]he IJ must consider all the evidence in the record that has probative value," *Cao,* 428 F.3d at 400, and, as these omissions show, the IJ failed to do so here. Because these errors go to the heart of Vladimir's claims of past persecution, we cannot say that considering these events, that there is no realistic possibility the IJ would have reached a different conclusion. We therefore remand Vladimir Uli's case to the BIA. Because Donika Uli's asylum claim is derivative of Vladimir's, her case is remanded also.

■ In Arenc Uli's case, in rejecting his asylum claim, the IJ relied on the fact that Arenc's written asylum application did not mention the 1996 beating. This was a misstatement of the record, and, as the government forthrightly conceded at oral argument, this error requires remand. *See Gao v. Gonzales,* 424 F.3d 122, 131 (2d Cir.2005).

For the foregoing reasons, the petitions for review are GRANTED, the decisions of the BIA are VACATED, and the causes are REMANDED for further proceedings consistent with this order.